**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| IRA D. SUBER, | : | Case No.  1:13-cr-00019 |
| | : | (1:14-cv-00950) |
| Petitioner, | : | |
| | : | |
| v. | : | Judge Michael R. Barrett |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**OPINION AND ORDER**

This matter is before the Court on Petitioner Ira D. Suber's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 41).[1] The United States has filed a Memorandum in Opposition (Doc. 43) at the Court's direction (Doc. 42), to which Petitioner has replied (Doc. 44).  Also pending before the Court is Petitioner's Motion for Production of Partial Grand Jury Transcripts (Doc. 37).

**I.     Prior Proceedings**

On February 6, 2013, a federal grand jury indicted Petitioner on one count of conspiracy to possess with intent to distribute and to distribute cocaine (a Schedule II controlled substance), as well as conspiracy to possess with intent to distribute and to distribute heroin (a Schedule I controlled substance), in violation of 21 U.S.C. § 846 and § 841(a)(1), 841(b)(1)(A)(i), and 841(b)(1)(A)(ii).  (Doc. 1.)  The length of the conspiracy was defined as, "*[f]rom on or about October, 2011*, and continuing up to, and including October 8, 2012[.]"  (*Id.* at 1 (emphasis added).)

---

[1] Petitioner also filed a motion, docketed on November 20, 2014, in which he sought an additional 90 days to file his motion under Section 2255 (*see* Doc. 39).  The Court observes, though, that Petitioner's motion under Section 2255 was timely filed, with no extension of time needed.  Accordingly, Petitioner's Motion for Enlargement of Time pursuant to Rule 6 of F.R.Cv.P. (Doc. 39) is **DENIED AS MOOT**.

1

Petitioner initially entered a plea of not guilty. (Doc. 10.) On June 11, 2013, however, Petitioner moved to withdraw his initial plea and enter a plea of guilty pursuant to a Fed. R. Civ. P. 11(c)(1)(C) plea agreement. (Doc. 23.) In said agreement, Petitioner agreed to enter a plea of guilty to Count 1 of the Indictment and the parties agreed that a sentence of 151 months imprisonment, followed by a period of eight years Supervised Release, would be an appropriate disposition of the case. (*See* Doc. 24 ¶¶1, 3.)[2] The Court conditionally accepted Petitioner's change of plea and ordered that a Presentence Report be prepared. (Doc. 23.)

The PSR indicated that the base Offense Level in this matter was a 32.[3] Applying the special offense characteristics, there was a two-level enhancement because a firearm was possessed; a two-level enhancement because Petitioner maintained a premises for the purpose of distributing the controlled substances at issue ("stash house"); and a two-level enhancement because the offense was committed as part of a pattern of criminal conduct engaged in as a livelihood. *See* U.S.S.G. §§ 2D1.1(b)(1), (b)(12) and (b)(14)(E), respectively. Finally, the Offense Level was increased by two levels by virtue of Petitioner being an organizer, leader, manager or supervisor of the criminal conduct (*see id.* § 3B1.1(c)), bringing the adjusted offense level to 40. However, Petitioner received a two-level reduction for acceptance of responsibility (*id.* § 3E1.1(a)) and a one-level reduction for timely notifying the authorities of his intention to plead guilty (*id.* § 3E1.1(b)). Thus, the final calculation was a Level 37. The PSR further indicated that Petitioner's background merited five criminal

---

[2] The plea agreement further specified, in accord with the language of Rule 11(c)(1)(C), that "The parties understand and agree that the Court is specifically bound by the terms and recommendations contained in this paragraph upon its formal acceptance of this Plea Agreement." (Doc. 23 ¶ 3.)
[3] *See* U.S.S.G. § 2D1.1(c)(4) (Drug Quantity Table).

2

history points, but that two additional points would be added because he committed the offense described in Count 1 while serving a criminal justice sentence. *See id.* § 4A1.1(d).[4] Petitioner was serving a three-year term of Supervised Release that ended on February 12, 2012.[5] Count 1 of the Indictment, as well as the Statement of Facts acknowledged as accurate by Petitioner, stated that the conspiracy occurred *between October 2011 and October 8, 2012*. Therefore, because a portion of the conspiracy period fell within this time band, two points were added to the five, resulting in a total of seven criminal history points.

According to the Guidelines, based upon a total Offense Level of 37—in combination with a Criminal History Category of IV (7,8,9 points)—the suggested imprisonment range is 292 to 365 months. *See* U.S.S.G. Ch. 5 Pt. A (Sentencing Table). The agreed-upon sentence contained in the Rule11(c)(1)(C) plea agreement clearly fell below this range.

---

[4] In relevant part, Section 4A1.1 (Criminal History Category) provides:

> The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.
>
> . . . .
>
> (d) Add **2** points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, *supervised release*, imprisonment, work release, or escape status.
>
> . . . .

(Emphasis added.)

[5] On September 21, 2007, Petitioner's term of Supervised Release was revoked in a different criminal matter upon his admission that he committing other crimes (dogfighting) during said term. *See United States of America v. Ira D. Suber*, No. 1:00-cr-00060-8 (Doc. 185, Transcript of Proceedings (Supervised Release Violation Hearing) at 3-4, 8-17, 20-21) (Dlott, J.). He was sentenced to 18 months imprisonment followed by a period of three years of Supervised Release. (*Id.*, (Docs. 172, 173).) This second period of Supervised Release began on February 13, 2009 and ended on February 12, 2012 (*see* Doc. 34, PAGEID #: 78).

3

Petitioner objected to the PSR's criminal history score (Doc. 29). Through counsel, he claimed that his "activities in this case took place after February 12, 2012, after his term of supervised release was over[]" (*id.* at 2). Accordingly, counsel argued that Petitioner's criminal history score should be just five points, falling in Category III (*id.*)

On December 10, 2013, the Court sentenced Petitioner to 151 months of custody, followed by an eight-year period of Supervised Release. (Doc. 30.)[6] Judgment was subsequently entered on December 16, 2013. (Doc. 32.)

On June 16, 2014, Petitioner filed a "Motion to Correct a Sentence" (Doc. 34). In it, he renewed his objection to the PSR with regard to the calculation of his criminal history points. He argued that, had the "correct" score been used in conjunction with an offense level of 29,[7] a sentence of 135 months of incarceration would have been indicated.[8] The United States filed a memorandum in opposition (Doc. 35). In an Order dated July 22, 2014, the Court overruled Petitioner's motion (Doc. 36). It noted that this objection was considered—and rejected—at sentencing. The Statement of Facts, to which Petitioner admitted at the time of his guilty plea, referenced criminal activity *from October 2011 to October 8, 2012*, with this period clearly overlapping the latter portion of his term of Supervised Release. And, regardless, given an adjusted Offense Level of 37, whether his criminal history points placed him in Category IV, III, II *or* I, the sentence handed down as a result of the Rule 11(c)(1)(C) plea agreement fell "substantially below

---

[6] In a letter dated December 1, 2013, but docketed on December 12, 2013—two days post-sentencing—Petitioner filed a *pro se* motion to appoint new counsel and to withdraw his guilty plea. (*See* Doc. 31.) Petitioner's motions were denied by Notation Order on January 21, 2014.
[7] Petitioner referred to an adjusted offense level of 29, but that figure failed to account for the three special offense characteristic enhancements (six points) and the aggravating role enhancement (two points) discussed in the PSR.
[8] *See* U.S.S.G. Ch. 5 Pt. A (Sentencing Table).

4

all of the aforesaid possible outcome calculations[]" (*id.* at 2). The Court concluded its Order by instructing Petitioner to file a proper and comprehensive Motion under 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 383 (2003).

Prior to filing the instant Section 2255 Motion, Petitioner filed the pending "Motion for Production of Partial Grand Jury Transcripts" (Doc. 37), which sought confirmation that the investigation leading to his indictment existed prior to September 2012. Petitioner stated that such information was "critical" to preparation of his Section 2255 Motion "relative to the factoring and validation of when specifically the offense took place[]" (*id.* at 4). Review of Petitioner's Section 2255 Motion, however, seems to indicate that whatever information he was seeking has since been provided to him.[9] Thus, it appears unnecessary to address the merits of this motion. Accordingly, Petitioner's "Motion for Production of Partial Grand Jury Transcripts" (Doc. 37) is **DENIED AS MOOT**.

**II.     Section 2255 Motion**

On December 7, 2014, Petitioner timely filed his Section 2255 Motion, which was docketed the following December 11. He asserts two grounds for relief. Petitioner claims he received ineffective assistance of trial counsel both regarding his decision to plead guilty and at sentencing. The factual basis underpinning each claim is the same.

Petitioner states that the investigation that led to his federal indictment was conducted by the Cincinnati Police Department and began "on or about September of

---

[9] The following statements inform the Court's conclusion: "I received the withheld discovery in my case proving the information I proffered to my Attorney that he failed to act on. I now have proof. 2014[]" (Doc. 41, PAGEID #: 102); "I did not have the documents to prove the allegations herein. I received such in the summer of 2014 and began the motion in this manner. Documents were withheld by counsel[]" (*id.*, PAGEID #: 105); "I had no factual proof of my grounds until now[]" (*id.*, PAGEID #: 108); and "In the summer, approximately, of 2014, the Movant was provided with full discovery of the case[]" (*id.*, PAGEID ##: 123-24).

2012" and continued "throughout October 8, 2012." (Doc. 41, PAGEID #: 120.)  At no time did the United States conduct an investigation of its own; rather, it relied completely on the materials provided by the local authority. (*Id.*)  Petitioner "concedes" to "involvement in the conspiracy" during the September-October 2012 time period. (*Id.*, PAGEID #: 122.)  However, he denies any involvement *prior to September 2012,* a position he contends he has consistently maintained. (*Id.*, PAGEID #: 121, 123.)

Petitioner states that he is now in possession of the discovery documents[10] provided to his trial counsel at the time plea negotiations were on-going, and they confirm that no "investigation" of his conduct occurred prior to September of 2012. (*Id.*, PAGEID #: 122.)  Petitioner alleges his trial counsel was ineffective because counsel withheld these documents from him, documents that he believes prove his "factual innocence . . . for any crime prior to the start of the investigation in September 2012." (*Id.*, PAGEID #: 124.)  Petitioner also alleges his trial counsel was ineffective because counsel failed to object to the "investigation times" contained in the Indictment and repeated in the Statement of Facts signed by Petitioner and appended to the Plea Agreement, and this failure subsequently prejudiced him sentencing. (*Id.*, PAGEID ##: 123-24.)

Regarding the sentencing phase of the proceedings, Petitioner states that he "was denied the right to have counsel properly argue the enhancements" in the PSR, referring to the two additional criminal history points assigned on the premise that his participation in the conspiracy occurred while he was completing a three-year term of Supervised Release. (*See id.*, PAGEID #: 125.)  Had the conspiracy duration been

---

[10] According to Petitioner, these documents were provided to him from "the head of the [federal] public defender's office in late 2014." (Doc. 44 at 3.)

limited to September 2012 through October 8, 2012, Petitioner's term of Supervised Release would have been "fully satisfied" some seven months prior, and there would have been no basis upon which to add the two additional criminal history points. He also asserts that, had his counsel provided the discovery that "validated the start and ends dates of the investigation" to him at the proper time, "the outcome of the sentencing hearing would have been substantially different." (*Id.*, PAGEID #: 127.)

### III. Analysis

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)). Petitioner claims an error of constitutional magnitude because of alleged ineffective assistance of counsel.

A petitioner claiming ineffective assistance of counsel must show that his attorney's performance was so inadequate as to violate his Sixth Amendment rights. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland*'s two-part test governs claims of ineffective assistance of counsel arising out of the plea bargaining process (*see Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (citing *Missouri v. Frye*, 132 S. Ct. 1399, 1405-06 (2012))), as well as in the course of sentencing (*see id.* at 1385-86 (citing *Glover v. United States*, 531 U.S. 198, 203-04 (2001))). Under the first "performance" prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. Under the second "prejudice" prong, the petitioner must show "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

The Court observes that Petitioner, to his detriment, conflates the "investigation" and "conspiracy" time periods. Petitioner does not attach to his Section 2255 motion the discovery documents that purportedly "prove" that the investigation time period was confined to September 2012 through October 8, 2012. But presuming that information accurate, it is nonetheless immaterial. It is the length of the conspiracy that the investigation uncovered, and not the length of the investigation itself, that is relevant. An investigation that launched in September 2012 obviously could produce evidence of a conspiracy that began much earlier—for example, in October 2011. Thus, trial counsel's failure to object to inclusion of a conspiracy period broader than the period of investigation in the Indictment or in the Statement of Facts supporting the Plea Agreement does not fall below an objective standard of reasonableness.

Contrary to Petitioner's assertion, his trial counsel *did* argue the enhancements in the PSR:

> The PSR places Mr. Suber in criminal history category IV. Paragraph 73 of the PSR states that Mr. Suber has five points from prior convictions. Two additional points are added because, according to the report, Mr. Suber was on supervised release during the commission of the offense. The total becomes seven points, placing Mr. Suber in category IV. Mr. Suber contends that he did not commit any part of this offense while on supervised release and that the proper criminal history score is five points, category III.

(Doc. 29 at 1.) The Court recounted this objection in its recitation of the procedural background of this matter. That the Court was not persuaded by the objection does not translate into to a failure to object on counsel's part.

8

Significantly, Petitioner does not contend that, but for his trial counsel's failure to disclose the "investigation times" discovery, there was a "reasonable probability" that he would not have pled guilty and instead proceeded to trial.  *See Hill v. Lockhart*, 474 U.S. 52, 58-59.  Indeed, he is quite candid as to his guilt, at least regarding the time period September 2012 through October 8, 2012.  Further, notwithstanding Petitioner's broad-spectrum (yet non-specific) charge of prejudice at sentencing, in fact *none occurred*.

Assuming Petitioner had been assigned just five criminal history points as he says would have been correct, the sentencing range suggested by the Guidelines for Category III (4, 5, 6 points) was 262-327 months of imprisonment.  In contrast, the sentence imposed by this Court pursuant to the Rule 11(c)(1)(C) plea agreement was 151 months, a term of confinement considerably less than the minimum of that range, *and* less than the minimums of the sentencing ranges associated with both Category II (235-293 months) and Category I (210-262 months).  This Court previously noted as much in its July 22, 2014 Order overruling Defendant's Motion to Correct a Sentence (Doc. 34).  (*See* Doc. 36.)  Plainly, Petitioner's Section 2255 Motion is nothing more than a repackaging of his motion to correct with an ineffective assistance of counsel overlay, and it remains without merit.  *See Hill,* 474 U.S. at 60 (district court did not err in failing to hold a hearing on Petitioner's ineffective assistance of counsel claim when Petitioner "failed to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test").

### IV.  Conclusion

Pursuant to 28 U.S.C. § 2255(b), the Court determines that the instant motion and the files and records of this case conclusively show that Petitioner is not entitled to

9

relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Accord Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the law of the Sixth Circuit and the United States Supreme Court. Accordingly, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 41) is hereby **DENIED**. Additionally, as indicated earlier, Petitioner's Motion for Production of Partial Grand Jury Transcripts (Doc. 37) and Petitioner's Motion for Enlargement of Time pursuant to Rule 6 of F.R.Cv.P. (Doc. 39) are both **DENIED AS MOOT.**

Further, the Court will not issue a certificate of appealability. The Court concludes that neither of the claims raised by Petitioner in his Section 2255 motion, which have been decided on the merits, are debatable among reasonable jurists, could be resolved differently on appeal or are adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In addition, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

    **IT IS SO ORDERED.**

                                      ___*/s/ Michael R. Barrett*___
                                      MICHAEL R. BARRETT, Judge
                                      United States District Court